OPINION
{¶ 1} Richard N. Whitmore appeals from the overruling of his motion to correct documents. The State claims that this ruling is not a final appealable order within the purview of R.C. 2505.02, and that this appeal should be dismissed.
 {¶ 2} We agree that this appeal should be dismissed.
 {¶ 3} This appeal arises out of common pleas court case no. 98 CR 307, wherein Whitmore was originally charged with aggravated burglary, a first degree felony. Whitmore eventually pleaded guilty to a reduced charge of fourth degree felony burglary, and was sentenced to community control sanctions. During the interim between the return of the indictment and his plea of guilty, Whitmore chose to fire his court appointed counsel and proceed pro se. Eventually, Whitmore was charged with additional offenses in case nos. 00 CR 627 and 01 CR 229 and sentenced to 10½ years imprisonment after guilty pleas in those cases. The court then revoked Whitmore's community control and sentenced him to six months incarceration, consecutive to 10½ year sentence.
 {¶ 4} On October 31, 2002, Whitmore moved for a complete transcript of proceedings in case no. 98 CR 307, which the trial court ordered prepared. Five transcripts were promptly prepared. On December 13, 2002, Whitmore filed a "motion to correct documents," presumably because Whitmore contended the previously prepared transcripts were not complete. (On appeal, Whitmore claims the transcripts are not complete). The trial court overruled the motion, stating that Whitmore had received a "true and complete transcript of all proceeding (sic) herein. . . ."
 {¶ 5} A direct appeal is not an appropriate mechanism for determining whether the trial court properly determined that the transcript is complete. Such a determination would require fact finding, which can only be accomplished in an original action for mandamus. While App.R. 9(E) might have some application were an appeal from the judgment of conviction or the judgment revoking community control pending in this court, such is not the case. There is no appeal involving case no. 98 CR 307 pending in this court other than this appeal, which is from a ruling other than one that is within the purview of R.C. 2505.02.
 {¶ 6} Indeed, it appears that Whitmore is seeking a "complete" transcript for use in some future post-conviction proceeding.
 {¶ 7} The appeal will be dismissed.
BROGAN, J. and YOUNG, J., concur.